Longworti-i, J.
The plaintiff in error, William McHugh, was convicted in the court of common pleas of Hamilton *155 county of murder in the first degree, and sentenced to suffer death. Numerous errors are assigned in the proceedings ; only two of which we think it advisable to consider.
I. It is said that the court erred in selecting the names of persons to serve as jurors in the special venires issued, and in refusing the motion of plaintiff in error that the names be drawn from the wheel as provided by the act of March 29, 1881 (78 Ohio L. 95.) In this we think there was no error. The method of impaneling juries in capital cases is specially provided for in chap. 6, title II. of the code by sections 7267 to 7275 inclusive, and differs essentially from that employed for obtaining juries in all other cases. These sections are not repealed and are not affected by the subsequent act of March 29, 1881, otherwise than in substituting the wheel for the box containing the names of electors from which the original panel is to be drawn. It was provided by section 7275 that, in case a full panel should not be obtained, or the whole array should be set aside, the vacancies should be filled from the bystanders. To this a proviso was added by the amendment of April 18, 1881 (78 Ohio L. 181), authorizing the issuance of a special venire upon the demand of either party as provided in section 5173. By the last-quoted section the court is required to select the talesman, as was done in the case at bar. Hence the court did not err in overruling the motion of the prisoner.
II. The second error alleged is the action of the court below in overruling the challenge for cause of the prisoner’s counsel to M. D. Osgood, who was permitted to serve as a juror upon the trial. This juror testified upon his voir dire that he had both formed and expressed an opinion touching the guilt of the prisoner, and that this opinion was formed from reading the accounts of the case in the newspapers and the published account of the examination before the coroner. It was decided by this court in Frazier v. State, 23 Ohio St. 551, that no juror is competent who has formed or expressed an opinion from having read what purported to be a report of thp testimony of witnesses of the transaction. This is decisive of the question before us; for, although it is argued by the state’s attorney that it nowhere appears that any testi *156 mony of witnesses was offered at tbe examination before tbe coroner, we are clearly of opinion that to establish tbe competency of tbe juror, it should be shown affirmatively that no such testimony was offered or appeared in tbe printed report. Where a proposed juror states that he has formed or expressed such an opinion he is primia facie incompetent, and it is error in the court to permit him to serve, unless the presumption of incompetency be removed by showing that his opinion was formed from reading mere newspaper statements, communications, comments or reports," or upon rumor or hearsay, and not upon conversations with witnesses of the transactions, or reading reports of their testimony, or hearing them testify. The case at bar is, in this respect, indistinguishable from that of Frazier v. State, above cited, and for this reason a new trial should have been granted.

Judgment reversed.